UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| BRIDGETTE JUANITA DOWDELL | : | CASE NO.  A25-58820-JWC |
| | : | |
| DEBTOR | : | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE FOR CAUSE AND ENJOINING THE DEBTOR FROM FILING A BANKRUPTCY CASE FOR A PERIOD OF AT LEAST 180 DAYS

COMES NOW, Nancy J. Whaley, Chapter 13 Trustee herein, and files herewith her Objection to Confirmation and Motion to Dismiss Case for Cause, and as grounds shows the Court as follows:

1.

The Debtor's Chapter 13 plan fails to check the appropriate box in Section 5.1. The Trustee is unable to administer the plan as filed 11 U.S.C. 1302(b)(3).

2.

The Debtor's Chapter 13 plan fails to correctly complete the check boxes required by sections 1.3 and 1.4.  Any provisions in correlating sections are ineffective and the Chapter 13 Trustee cannot administer the plan as filed.  Additionally, failure to complete the correct check boxes may not provide proper service of the plan on affected parties.

3.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with U.S.C. Section 1325(a)(4).

4.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

5.

The Debtor has failed to provide to the Trustee a copy of the 2024 tax return and/or affidavit filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

6.

The Debtor may receive income tax refunds during the applicable commitment period. These funds could assist the Debtor in completing the case and could be projected disposable income for unsecured creditors. The Debtor's plan fails to provide for these refunds to be paid to the plan during the applicable commitment period. 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

7.

The Trustee requests proof of the Debtor's income from all sources, including contribution income, in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

8.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $1250.00 per month, in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

9.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor is not receiving income from a second job and has not started such a job yet.

10.

The Debtor's Schedule I fails to include a new four percent (4%) 401(k) retirement contribution, thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan in violation of 11 U.S.C. Section 1325(a)(6).

11.

The Chapter 13 plan proposes to pay $5500.00 to the Debtor's attorney for payment of attorney fees.  The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

12.

The Debtor's Chapter 13 Plan proposes to pay a student loan direct to the creditors while proposing to pay all other unsecured creditors less than one hundred percent (100%) in possible violation of 11 U.S.C. Section 1322(b)(10), 11 U.S.C. Section 1332(b)(1), and 11 U.S.C. Section 1325(a)(3).

13.

Based upon the Debtor's testimony and/or schedules, the Debtor has a pending or anticipated lawsuit from which the Debtor could receive monetary proceeds. The plan should be amended as follows: Subject to the Court's approval of special counsel and any future settlement, net proceeds from the Debtor's pending/anticipated lawsuit, minus any funds that Debtor is entitled to exempt, will be paid to the Trustee for distribution to unsecured claims as required by 11 U.S.C. §§ 522(c), 541, 1306(a), 1325(a)(3), 1325(a)(4), and 1325(b), unless otherwise ordered by this Court. If the pending/anticipated lawsuit remains unresolved at the conclusion of all payments otherwise required under the confirmed plan, the Trustee shall provide notice to Debtor's Counsel and may withhold her Notice of Plan Completion until resolved or the Court orders otherwise.

14.

The Debtor proposes to retain real property with significant pre-petition arrearage and nominal equity, while paying unsecured creditors a zero percent (0%) dividend or pool of $0.00 which may violate 11 U.S.C. Section 1325(a)(3).

15.

The Debtor has had four (4) prior Chapter 13 cases, which were dismissed by the Court since 2022.  Said cases are as follows:

a.) Chapter 13 case number 22-56998 was filed on September 2, 2022. The case was dismissed prior to Confirmation on December 15, 2022, on Trustee's Supplemental Report for failure to provide proof of mortgage payments.

b.) Chapter 13 case number 23-52224 was filed on March 7, 2023. The case was dismissed prior to Confirmation on June 15, 2023, on Trustee's Supplemental Report for failure to maintain plan payments

c.) Chapter 13 case number 23-58507 was filed on September 1, 2023. The case was dismissed prior to Confirmation on February 1, 2024, on Trustee's Supplemental Report for failure to provide proof of income, proof of mortgage payments, failure to maintain plan payments, failure to file amended Schedules A/B and failure to file a pre-confirmation plan modification.

d.) Chapter 13 case number 24-53219 was filed on March 28, 2024. The case was dismissed after Confirmation on May 13, 2025, on Trustee's Supplemental Report for failure to maintain plan payments.

The Debtor's conduct in this and prior cases demonstrates that the Debtor has filed this case without any intention of properly prosecuting this case.

WHEREFORE, the Trustee moves the Court to inquire into the above objections and to make finding that dismissal for cause under 11 U.S.C. Section 1307(c) and Section 349(a) is appropriate, and as a result the Debtor is enjoined from filing any Chapter of bankruptcy for a period of not less than 180 days; or that dismissal with prejudice for a period of 180 days pursuant to 11 U.S.C. 109(g) is appropriate.

DATED: September 15, 2025

Respectfully submitted:

/s/
Lisa B. Burnette,
Attorney for Standing Chapter 13 Trustee
GA Bar Number 096192
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201
lburnette@njwtrustee.com

/mp

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| BRIDGETTE JUANITA DOWDELL ) | |
| DEBTOR(S) ) | CASE NO. A25-58820-JWC |
| ) | |
| NANCY J. WHALEY, TRUSTEE ) | JUDGE CAVENDER |
| MOVANT ) | |
| vs. ) | |
| ) | CONTESTED MATTER |
| BRIDGETTE JUANITA DOWDELL ) | |
| RESPONDENT ) | |

**NOTICE OF HEARING ON CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE FOR CAUSE
AND ENJOINING THE DEBTOR FROM FILING A CHAPTER 13 BANKRUPTCY
CASE FOR A PERIOD OF AT LEAST 180 DAYS**

**PLEASE TAKE NOTICE** that *NANCY J. WHALEY,* has filed *an Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor from Filing a Chapter 13 Bankruptcy Case for a Period of At Least 180 Days* and related papers with the Court seeking an order that the Debtor is enjoined from filing any Chapter of bankruptcy for a period of not less than 180 days; or that dismissal with prejudice for a period of 180 days pursuant to 11 U.S.C. 109(g) is appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the *Trustee's Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor from Filing a Chapter 13 Bankruptcy Case for a Period of At Least 180 Days* at *9:30 A. M. on October 28, 2025 in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303*, which must be attended in person, unless the Court orders otherwise.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file

a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is **Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.** You must also mail a copy of your response to the undersigned at the address stated below.

THIS THE 15th day of September, 2025.

Respectfully submitted,

_/s/_____
Lisa B. Burnette,
Attorney for Standing Chapter 13 Trustee
State Bar No. 096192
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201
lburnette@njwtrustee.com

# CERTIFICATE OF SERVICE

**Case No:** A25-58820-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor From Filing a Chapter 13 Bankruptcy Case for a Period of At Least 180 Days and Notice of Hearing to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

BRIDGETT JUANITA DOWDELL
2824 POPE ROAD
DOUGLASVILLE, GA 30135

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor From Filing a Chapter 13 Bankruptcy Case for a Period of At Least 180 Days and Notice of Hearing using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE LAW OFFICE OF STANLEY J. KAKOL, JR.

This the 15th day of September, 2025.

_/s/_____
Lisa B. Burnette,
Attorney for Standing Chapter 13 Trustee
GA Bar Number 096192
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201
lburnette@njwtrustee.com