**Fill in this information to identify your case:**

Debtor 1: Birdgett Juanita Dowdell
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing): _____
First Name / Middle Name / Last Name

United States Bankruptcy Court for the Northern District of Georgia

Case number (if known): 25-58820

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

1.3, 1.4, 2.4, 4.3, 5.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.***

| | | | |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ☒ Not Incuded |

Debtor  Birdgett Juanita Dowdell _____  Case number  25-58820 _____

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1  Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ■ 36 months       ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay ___$1,979.00___ per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on *(insert date):* | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|---|---|---|
|  | _____ per ___week___ |  |

**§ 2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3  Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4  Additional Payments.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

■ Debtor(s) will make additional payment(s) ("Additional Payments") to the trustee from other sources as specified below.  *Describe the source, estimated amount, and date of each anticipated payment.*

Subject to the Court's approval of special counsel and any future settlement, net proceeds from the Debtor's pending/anticipated lawsuit, minus any funds that Debtor is entitled to exempt, will be paid to the Trustee for distribution to unsecured claims as required by 11 U.S.C §§ 522(c), 541, 1306(a)(3), 1325(a)(4), and 1325(b), unless otherwise ordered by this Court. If the pending/anticipated lawsuit remains unresolved at the conclusion of all payments otherwise required under the confirmed plan, the Trustee shall provide notice to Debtor's Counsel and may withhold her Notice of Plan Completion until resolved or the Court orders otherwise.

**§ 2.5  [Intentionally omitted.]**

**§ 2.6  Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020.  (www.ganb.uscourts.gov/local-rules-and-orders)

Debtor   Birdgett Juanita Dowdell                                       Case number  25-58820

| Part 3: | Treatment of Secured Claims |

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| U.S. Bank Trust NA c/o New Rez LLC dba | 2824 Pope Road Douglasville, GA 30135 Douglas County | $90,000.00 | 0 % | $1000 |

**§ 3.2   Request for valuation of security and modification of certain undersecured claims.**

☒ **None.**  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3   Secured claims to be paid in full.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4   Lien avoidance.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __7.5__%.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Birdgett Juanita Dowdell                    Case number 25-58820

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1 General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3 Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 5,813.00 . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 821.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,813.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,813.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4 Priority claims other than attorney's fees.**

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + / - | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| | | | | |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + / - | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| - | Internal Revenue Service | $0.00 |
| - | Georgia Department of Revenue | $0.00 |

Debtor  Birdgett Juanita Dowdell  Case number 25-58820

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**§ 7.1**  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

## Part 8: Nonstandard Plan Provisions

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

☐ **None.**  *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)**

The Chapter 13 Trustee shall not fund the Debtor's student loans through the plan. Debtor's student loans are in deferment. If the Debtor's deferment ends during the pendancy of the instant case, the Debtor will pay the student loans directly.

Debtor   Birdgett Juanita Dowdell                     Case number  25-58820

**Part 9:  Signatures**

§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below.  The attorney for the debtor(s), if any, must sign below.

✘ /s/ Bridgett Juanita Dowdell   *Bridgette Juanita Dowdell*
Signature of debtor 1 executed on  09 / 25 / 2025
MM / DD / YYYY

Signature of debtor 2 executed on
MM / DD / YYYY

2824 Pope Road Douglasville, GA 30135
Address                                  City, State, ZIP code

Address                                  City, State, ZIP code

✘ /S/ Stanley J. Kakol, Jr.
Signature of attorney for debtor(s)

Date: 09 / 25 / 2025
MM / DD / YYYY

The Law Office of Stanley J. Kakol, Jr.
Firm

5353 Fairington Rd., Suite C, Lithonia, GA 30058
Address                                  City, State, ZIP code

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

## CERTIFICATE *of* SIGNATURE

**REF. NUMBER**
**WJDAX-CZWDQ-EUMXG-9KZT4**

DOCUMENT COMPLETED BY ALL PARTIES ON
**22 OCT 2025 13:28:49**
UTC

**SIGNER**

**BRIDGETTE JUANITA DOWDELL**

**TIMESTAMP**

SENT
**21 OCT 2025 19:18:44**

VIEWED
**22 OCT 2025 13:28:05**

SIGNED
**22 OCT 2025 13:28:49**

**SIGNATURE**

*Bridgette Juanita Dowdell*

IP ADDRESS
**73.82.156.28**

LOCATION
**DOUGLASVILLE, UNITED STATES**

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
**22 OCT 2025 13:28:05**

Signed with PandaDoc

PAGE 1 OF 1



## United States Bankruptcy Court
### Northern District of Georgia

In re  **Bridgette Juanita Dowdell**　　　　　　　　　　　　　　　　　Case No.  **25-58820**

　　　　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　Chapter  **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **October 22, 2025**, a copy of **Pre-Confirmation Plan Modification** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**Bridgette Juanita Dowdell**
**2824 Pope Road**
**Douglasville, GA 30135**

**Nancy J. Whaley**
**Chapter 13 Trustee**
**303 Peachtree Center Avenue, NE**
**Suite 200**
**Atlanta, GA 30303**

**-All Creditors on the Attached Matrix-**

　　　　　　　　　　　　　　　　　　　　　　　**/s/ Stanley J. Kakol, Jr.**
　　　　　　　　　　　　　　　　　　　　　　　**Stanley J. Kakol, Jr. 406060**
　　　　　　　　　　　　　　　　　　　　　　　**Law Offices of Stanley J. Kakol, Jr.**
　　　　　　　　　　　　　　　　　　　　　　　**5353 Fairington Road, Suite C**
　　　　　　　　　　　　　　　　　　　　　　　**Lithonia, GA 30038-1164**
　　　　　　　　　　　　　　　　　　　　　　　**(770) 800-0440Fax:(770) 800-0494**
　　　　　　　　　　　　　　　　　　　　　　　**stan@sjklawfirm.com**

```
Label Matrix for local noticing          Lisa Burnette                            CASCADE CAPITAL FUNDING, LLC
113E-1                                   Nancy J. Whaley                          c/o Cascade Receivables Management, LLC
Case 25-58820-jwc                        Standing Chapter 13 Trustee              5341 Old Redwood Hwy Suite 210
Northern District of Georgia             Suite 120                                Petaluma, CA 94954-7127
Atlanta                                  303 Peachtree Center Ave.
Wed Oct 22 15:06:15 EDT 2025             Atlanta, GA 30303-1286

Conduent/ACS                             Bridgette Juanita Dowdell                (p)GEORGIA DEPARTMENT OF REVENUE
Conduet shut down operation 9/1/19       2824 Pope Road                           BANKRUPTCY
loans transferred to other servicers     Douglasville, GA 30135-2017              2595 CENTURY PKWY NE SUITE 339
Utica, NY 13504                                                                   ATLANTA GA 30345-3173


Howell Alexander Hall                    Internal Revenue Service                 Stanley J. Kakol Jr.
LOGS Legal Group LLP                     P.O. Box 7346                            The Law Offices of Stanley J. Kakol, Jr.
Suite 130                                Philadelphia, PA 19101-7346              5353 Fairington Road
211 Perimeter Center Pkwy NE                                                      Suite C
Atlanta, GA 30346-1308                                                            Lithonia, GA 30038-1164


LVN Funding, LLC                         LVNV Funding, LLC                        Navient
Resurgent Capital Services               Resurgent Capital Services               Attn:  Bankruptcy
PO Box 10587                             PO Box 10587                             Po Box 9500
Greenville, SC 29603-0587                Greenville, SC 29603-0587                Wilkes Barre, PA 18773-9500


Shellpoint Mortgage Servicing            Truist Bank                              U.S. Bank Trust NA
Attn: Bankruptcy                         Attn: Support Services                   c/o New Rez LLC dba
Po Box 10826                             PO Box 85092                             Shellpoint Mortgage Servicing
Greenville, SC 29603-0826                Richmond, VA 23285-5092                  PO Box 10826
                                                                                  Greenville, SC 29603-0826


U.S. Department of Education             US Bank Trust National Association, et. al   United States Attorney
Ecmc/Attn: Bankruptcy                    c/o NewRez LLC, d/b/a                    Northern District of Georgia
P.O. Box 16408                           Shellpoint Mortgage Servicing            75 Ted Turner Drive SW, Suite 600
Saint Paul, MN 55116-0408                P.O. Box 10826                           Atlanta GA 30303-3309
                                         Greenville, SC 29603-0826


Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303-1286
```

             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Georgia Department of Revenue
Compliance Division
ARCS-Bankruptcy
1800 Century Blvd, N.E. Ste 9100
Atlanta, GA 30345
```


             The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)US Bank Trust National Association

End of Label Matrix
Mailable recipients    18
Bypassed recipients    1
Total    19